RELATED DDJ

Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744-8480
Email: Macybuilders@yahoo.com
       PLAINTIFF IN PRO PER

**FILED**
CLERK, U.S. DISTRICT COURT
06/18/2024
CENTRAL DISTRICT OF CALIFORNIA
BY:      AP      DEPUTY

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

JEFF MACY, as an individual,

PLAINTIFF,

vs.

COUNTY OF SAN BERNARDINO PUBLIC
WORKS WASTE MANAGEMENT, a public
entity.

DEFENDANTS.

Case No.: TBD  5:24-cv-01333-RGK(BFM)

COMPLAINT FOR DAMAGES &
DEMAND FOR JURY TRIAL FOR:
**(1)** Trespass.
**(2)** Municipal & Supervisorial Liability
(42 U.S.C. § 1983).
**(3)** Intentional Infliction of Emotional
Distress.
**(4)** Environmental Hazard.
**(5)** Invasion of Privacy.
**(6)** Extortion.
**(7)** Failure to do Public Record's
Requests.

**DEMAND FOR JURY TRIAL**

PLAINTIFF JEFF MACY, through their undersigned counsel, hereby files this

Complaint against Defendants County of San Bernardino Public Works Waste

Management Division, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3-
   4) because Plaintiff assert claims arising under the laws of the United States
   including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments
   of the United States Constitution. This court has supplemental jurisdiction
   over state law claims pursuant to 28 USC § 1367 because those claims are
   so related to PLAINTIFF'S federal claims that the claims form part of the

same case &/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to **28** USC §§ **1391**(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District & Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, & at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant County of San Bernardino Public Works Waste Management Division is & at all times relevant a public entity located in the County of San Bernardino & existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each & every allegation set forth in each & every averment & allegation of this pleading hereby is incorporated by this reference in each & every averment & allegation of this pleading.

6. I am informed & believe that Defendants County of San Bernardino Public Works Waste Management Division have not provided any of my public records requests.

7. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

8. I am informed & believe that Defendant mockingly offered Plaintiff **$500** for all valid claims

**FIRST CAUSE OF ACTION**

**Trespassing**

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

9.  Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 8, inclusive.

10. Defendants violated the law & interfered with Plaintiff's civil rights because Defendants County of San Bernardino Public Works Waste Management Division (SWMD) allowed Burrtec trucks to travel, trespass, & drive up Augusta Way, a private road without owners consent. Weight damage has been caused to Augusta Way, a private road due to these heavy, environmental hazardous, unsafe pollution, unregulated, Burrtec trucks being allowed from Defendants.

**SECOND CAUSE OF ACTION**

**Municipal & Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

11. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 10, inclusive.

12. On & for some time prior to 2021(and continuing to the present date) Defendants County of San Bernardino Public Works Waste Management Division deprived Plaintiff Jeff Macy of the rights & liberties secured to them by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless &

deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Jeff Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

(a) Employing & retaining as county officials & other personnel, including County of San Bernardino Public Works Waste Management Division at all times material herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their County Policies;

(b) Inadequately supervising, training, controlling, assigning & disciplining County of San Bernardino Public Works Waste Management Division & other personnel, each knew or in the exercise of reasonable care should have known the aforementioned propensities & character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by County of San Bernardino Public Works Waste Management Division & other personnel.

(d) Failing to adequately train Defendants County of San Bernardino Public Works Waste Management Division & failing to institute appropriate policies regarding constitutional procedures & practices;

(e) Having & maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

PAGE 4

13. Defendants County of San Bernardino Public Works Waste Management Division had either actual or constructive knowledge of the deficient policies, practices, & customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, & through actions & inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects & consequences of these policies with respect to the constitutional rights of Plaintiff Jeff Macy & other individuals similarly situated.

14. By perpetrating, sanctioning, tolerating & ratifying the outrageous conduct & wrongful acts, Defendants County of San Bernardino Public Works Waste Management Division acted with intentional, reckless, & callous disregard for the safety & constitutional rights of Plaintiff Jeff Macy. Defendants County of San Bernardino Public Works Waste Management Division actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, & unconscionable to any reasonable person of normal sensibilities.

15. By reason of the aforementioned policies & practices of Defendants County of San Bernardino Public Works Waste Management Division acted with intentional, reckless & callous disregard for the safety & constitutional rights of Plaintiff Jeff Macy. Defendants County of San Bernardino Public Works Waste Management Division caused Plaintiff Jeff Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

PAGE **5**

16. The policies, practices, & customs implemented & maintained & still tolerated by Defendants County of San Bernardino Public Works Waste Management Division acted with intentional, reckless & callous disregard for the safety & constitutional rights of Jeff Macy. Defendants County of San Bernardino Public Works Waste Management Division were affirmatively linked to & were significantly influential forces of Plaintiff Jeff Macy.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

17. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph **1** through **16**, inclusive.

18. Plaintiff are informed & believe & thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, & outrageous. Defendants allow unsafe pollution, environmental hazardous, unregulated, heavy Burrtec trucks to trespass & drove up private road Augusta Way, causing weight damage, which caused Plaintiff a great deal of emotional distress.

19. Plaintiff are further informed & believe & hereon alleges that such actions were done with intent to cause serious emotional distress & were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.

20. As a proximate result of the Defendants actions Plaintiff Jeff Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation,

humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

21. The conduct of the Defendants was despicable, malicious, wanton, oppressive & accomplished with a conscious disregard for Plaintiff Jeff Macy's rights, entitling Plaintiff Jeff Macy to an award of exemplary & punitive damages. Defendants only goal against Plaintiff were for monetary gain.

## FOURTH CAUSE OF ACTION

### Environmental Hazard

### (By Plaintiff Against County of San Bernardino Public Works Waste Management Division)

22. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph **1** through **21**, inclusive.

23. Burrtec causes environmental hazards most local citizens do not want pollution. Most people move up to the mountain to avoid city pollution, $CO_2$ Carbon monoxide poisoning, unclean, smog (a cloud made heavier & darker by smoke & chemical fumes. Smog is also a photochemical cloud caused by the action of solar ultraviolet radiation on atmosphere polluted with hydrocarbons & oxides of nitrogen especially from automobile exhaust) filled air. **County of San Bernardino Public Works Waste Management Division has allowed Burrtec to cause Environmental Hazards** by polluting our mountain air. You can factually die by carbon monoxide poisoning. Accord to Eddie Munguia, "Southern California leads the nation in air pollution deaths. Unfortunately, a recent study paints a picture of just how bad the smog really is. Researchers have found that more than a thousand people are actually dying each year as

PAGE 7

a result of Southern California's infamously bad air quality. Pollution levels constantly exceed what's considered safe by health professionals. Nationally, air pollution related deaths were estimated to be at around 9,320 per year, a number large enough to account for the annual amount of deaths caused by drunk driving.

24. Burrtec trucks disturb our peace & create a lot of noise. We always know when it's trash pickup day because you can hear the garbage truck down the block – from inside your house! Garbage trucks range from 85 to 100 decibels as they're compacting trash. Even for the workers who work with garbage trucks, hearing protection is highly recommended. In terms of occupational hearing hazards, exposure to sounds at 85 decibels for more than 8 hours a day could seriously damage your hearing.

25. We're demanding that County of San Bernardino Public Works Waste Management Division & Burrtec disclose the weight of Burrtec trucks with & without trash. We want to know all of the dump scale readings Burrtec has been using to damage our roads. Burrtec nor County of San Bernardino Public Works Waste Management Division have offered any compensation for the roads their trucks have damaged. We are demanding County &/or Burrtec repair our private road that Burrtec trucks have damaged over the years. The dogs start barking when the trucks start squeaking. The garbage trucks' grinding, squeaking, booming, jet engine-level noise is inescapably loud from the moment they turn onto Plaintiffs private road street to the moment they turn onto the next.

26. Burrtec is a money grab (an undignified or unprincipled acquisition of a large sum of money with little effort) with no regards for people's individual rights. Burrtec gets paid even when it snows & they can't pick

up trash. Burrtec has big, heavy, noisy, & loud trucks that crush the roads they drive on, cracking the black top, pollute the air, & disturb the peace. Lumbering through neighborhoods, stopping & starting, turning & backing. Burrtec's garbage trucks stress the pavement more than 9,300 times as much as an SUV does, according to The Press Democrat. Santa Rosa City Councilman of California Gary Wysocky said, "In general, it's acknowledged that garbage trucks beat the crap out of streets. They [streets] get the most wear & tear from garbage trucks." Engineering analysis cited by the Bay Area Metropolitan Transportation Commission of California John Goodwin, an MTC (Metropolitan Transportation Commission of California) spokesman said, "Garbage trucks put more strain on a street than just about anything else, including a fully loaded transit bus, a semi-truck hauling a single trailer, or a UPS delivery truck." According to Titan Recycle & Trash, "An average large garbage truck weighs about 64,000 pounds or 32 tons. Smaller garbage trucks weigh about 20 tons, making even the smaller garbage trucks wear on the quality of the roads their routes follow. Commercial garbage trucks are very heavy machines that pick up, store, & dump garbage that they are made to carry."

27. The **California Air Resources Board** (800) 242-4450 (CARB is the lead agency for climate change programs & oversees all air pollution control efforts in California to attain & maintain health-based air quality standards.) **fined** Burrtec Waste Industries, Inc. <u>**$307,200**</u> in November for **emissions violations** during 2005 & 2006. An ARB investigation showed **Burrtec Waste Industries, Inc**. located in Fontana, Calif., failed to properly inspect their diesel vehicles. The company also **failed to comply** with the

waste collection vehicle rule by neglecting to retrofit (an act of adding a component or accessory to something that did not have it when manufactured.) some of their diesel vehicles with the required emission-reduction devices. Diesel exhaust contains a variety of harmful gases & over 40 other known cancer-causing substances. In 1998, California identified diesel exhaust as a toxic air contaminant (a polluting or poisonous substance that makes something impure.) based on its potential to cause cancer, premature death & other health problems. New research links vehicle exhaust & lung cancer mortality (the state of being subject to death.) in trucking industry workers exposed to diesel & other types of vehicle emissions with increasing years of work.

28. The **California Air Resources Board (CARB)** reached a settlement agreement with one of the largest, privately held, waste companies in California, Burrtec Waste Industries Inc. & its sister company EDCO Disposal Corp., for **$305,000** for **violations** of CARB's Truck & Bus Regulation. (**https://ww2.arb.ca.gov/news/san-bernardino-county-waste-hauler-fined-307200-emissions-violations**)

29. In 2021, a **CARB investigation** revealed that EDCO & Burrtec were in **violation** of the Truck & Bus Regulation as codified in California Code of Regulations, title 13, section 2025. CARB's Enforcement Division documented that Burrtec & EDCO had **failed to meet** the applicable regulation requirements for multiple heavy-duty diesel vehicles in their fleet, & as a result paid fines in the amounts of **$67,500** & **$12,500**, respectively, to settle the case. (**https://ww2.arb.ca.gov/news/carb-settles-major-california-solid-waste-company-305000-over-air-quality-regulation**)

PAGE 10

30. Burrtec Waste Industries, Inc. & its Affiliates Settle For **$67,500**

In December 2022, the **California Air Resources Board (CARB)** reached a settlement with Burrtec Waste Industries, Inc. & its Affiliates (Burrtec), with its principal location in Fontana, California, for the company's **violation** of CARB's **air quality regulations**. An investigation conducted by CARB staff showed that **Burrtec failed** to meet the applicable Truck & Bus (TB) Regulation requirements for multiple heavy-duty diesel vehicles in their fleet. CARB documented **violations** as they related to the TB Regulation (Cal. Code Regs., tit. 13, § 2025).

To settle the case, Burrtec agreed to the penalty of **$1,250** per **violation** for a total of **$67,500**. The **$67,500** will go to CARB's Air Pollution Control Fund, which provides funding for projects & research to improve California's air quality.

Burrtec has elected to utilize the low-use vehicle exemption (Cal. Code Regs., tit. 13, § 2025(p)(4)); credit provision (Cal. Code Regs., tit. 13, § 2025(j)); & phase-in option (Cal. Code Regs., tit. 13, § 2025(i)) in the TB Regulation to come into compliance. (See also, EDCO Disposal Corporation separate Case Summary entry & link to Settlement Agreement below.)

(**https://ww2.arb.ca.gov/burrtec-waste-industries-inc-settlement-2022**)

## FIFTH CAUSE OF ACTION

**Invasion of Privacy**

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

31. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 30, inclusive.

PAGE 11

32. **Electronic right to privacy, California Government Code section 11015.5. (b)**

A state agency shall not **distribute or sell any electronically collected personal information about users to any third party without prior written permission from the user,** except as required to investigate possible violations of Section 502 of the Penal Code or as authorized under the Information Practices Act of 1977 (Title 1.8 (commencing with Section 1798) of Part 4 of Division 3 of the Civil Code). Nothing in this subdivision shall be construed to prohibit a state agency from distributing electronically collected personal information to another state agency or to a public law enforcement organization in any case where the security of a network operated by a state agency & exposed directly to the internet has been, or is suspected of having been, breached.

33. **California Government Code section 11015.5. (d)**

For purposes of this section:

(1) **"Electronically collected personal information"** means any information that is maintained by an agency that identifies or describes an individual user, including, but **not limited to, the user's name, social security number, physical description, home address, home telephone number, education, financial matters, medical or employment history, password, electronic mail address**, & information that reveals any network location or identity, but excludes any information manually submitted to a state agency by a

PAGE 12

user, whether electronically or in written form, & information on or relating to individuals who are users serving in a business capacity, including, but not limited to, business owners, officers, or principals of that business.

34. The Privacy Act of 1974, as amended, 5 U.S.C. § 552a

(b) CONDITIONS OF DISCLOSURE.—**No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be.**

← *County of San Bernardino Public Works Waste Management Division cannot put the address in a public record in regards to these cases without prior written consent.* ***County of San Bernardino Public Works Waste Management Division has volunteered to collect people's private information to enrich Burrtec a privately held waste company.*** *We believe someone has been bribed. Why would County of San Bernardino Public Works Waste Management Division want to spend a lot of effort to give private information to a private public company? County of San Bernardino Public Works Waste Management Division* ***cannot disclose private information to Burrtec without a written approval or any other third party.***

35. The **Fourth Amendment** to the United States Constitution, made applicable to the states through the due process clause of the Fourteenth

PAGE 13

Amendment, Mapp v. Ohio, 367 U.S. 643, *rehearing denied,* 368 U.S. 871 (1961**), guarantees to all persons the right of privacy free from unreasonable state intrusion**. In addition, s. 12, Art. I, State Const., provides protection from unreasonable searches & seizures:

**"The right of the people to be secure in their persons, houses, papers & effects against unreasonable searches & seizures, & against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, & the nature of evidence to be obtained.** This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. . . ."

**Administrative searches or inspections such as those under consideration in the instant inquiry, which are conducted outside the judicial process without consent & without prior approval (as evidenced by an administrative search warrant) are not reasonable**, unless a showing can be made that the administrative search or inspection falls within one of the well-established exceptions to this rule. *See, e.g.,* See v. City of Seattle, 387 U.S. 541 (1967); United States v. Sokolow, 450 F.2d 324 (5th Cir. 1971); Benton v. State, 329 So.2d 385 (1 D.C.A. Fla., 1976); Parsons v. State, 334 So.2d 308 (1 D.C.A. Fla., 1976); & AGO 82-7. *Cf.* Colonnade Catering Corp. v. United States, 397 U.S. 72 (1970), & Michigan v. Tyler, 436 U.S. 499 (1978). Both business or commercial premises & **private residences are afforded protection from unreasonable searches by s. 12, Art. I, State Const., & the Fourth Amendment to the U.S. Constitution.** *See* See v. City of Seattle, supra, in which the U.S. Supreme Court held that administrative inspections of commercial structures as well as private residences are forbidden by the Fourth Amendment when conducted without a warrant; & Jones v. City of Longwood, Florida, 404 So.2d 1083 (5 D.C.A. Fla., 1981), in which the court, in a wrongful death action, stated that an ordinance requiring the building inspector & fire chief to periodically inspect all buildings & structures within the city was qualified by the Fourth Amendment & could not authorize inspection of private property without a warrant.

A **municipal code inspector is without authority** to enter onto any **private**, commercial, or **residential** property to assure compliance with or to enforce the various technical codes of the municipality or to conduct any administrative inspections or searches without the consent of the owner or the operator or occupant of such premises or **without a duly issued search or administrative inspection warrant**. The procurement & issuance of

administrative inspection warrants is governed by the provisions of ss. 933.20-933.30, F.S. However, owner-occupied family residences are exempt from the provisions of ss. 933.20-933.30, F.S., & as to those **residences a search warrant or the prior consent & <u>approval of the owner is required.</u>**

### SIXTH CAUSE OF ACTION

**Extortion**

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

36. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 35, inclusive.

37. Defendants San Bernardino Public Works Waste Management Division allowed Legalized Extortion Service of Burrtec. Burrtec is the only private utility company that charges you 3 months in advance. (Edison, Crestline Lake Arrowhead Water Agency, SoCal gas, Charter Communications do not do this.)

38. 1. County Code Enforcement, 2. California Highway Patrol, 3. Burrtec, 4. Waste Management, 5. County Public Works, 6. County CSA-18 7. San Bernardino County Sheriff's Department 8. County Public Records are allegedly conspiring, targeting Plaintiff & Family's religious Yeshua Temple project with animus-based discrimination against their freedom of religion. Governmental agencies are targeting Plaintiff & Family; religious non-profit Christians, conspiring with other government organizations to deprive Plaintiff & Family of their civil rights &/or ability to build a Holy Temple. County Code Enforcement has given egregious notices, & have trespassed on Plaintiff's private property multiple times; with no warrants or court orders on Plaintiff's Mojave River Rd, Cedarpines Park, CA 36-acre

private property. Religious Discrimination; County Public Works, County CSA-**18** has cut down Plaintiff's cables at religious private property. Burrtec private trash company drives on Plaintiff's private Augusta Way road without permission. For years Burrtec has caused weight damage to Plaintiff & Family's private road from excessive weight from Burrtec trucks, which travel from **County SWMD** which is the County of San Bernardino's **S**olid **W**aste **M**anagement **D**ivision; that Waste Management has willingly allowed to extort more money. County Deputy Sheriff Officer Robert Maestas gave Plaintiff Jeff Macy an illegal ticket for picking up trash. Plaintiff & Family put trash in Macy family trash truck, from own Macy's private property. On Christmas evening, for a claim made a week earlier by an unknown neighbor said had verbal permission to report broken sign on Plaintiff's property as stolen trash? County Deputy Sheriff Officer Robert Maestas said, "I didn't want to give you a ticket, but captain made me do it, …don't want to arrest you; but you will have to appear in court to contest it." Plaintiff Jeff Macy, with whole family & Plaintiff present collecting trash testified to County Officer it was trash in a trash pile on Plaintiff's private property, out of sight, no neighbors live in view of where Plaintiff & Family were picking up trash on Plaintiff's property. Macy's had to worry, still had threat of going to jail for picking up trash that County Code Enforcement said Plaintiff had to clean within **30** days. The ticket was dismissed by the District Attorney. This was illegal detainment, & another example of conspiracy & harassment being alleged. County Sheriff's Department illegally detained & ticketed Plaintiff without any witness or suspects identification procedure. Right to confront witness of false allegation. These are all Law Enforcement agencies; coordinated

attacks against Macy's free Yeshua Temple project. They are all working together to extort more money from Plaintiff & family.

**SEVENTH CAUSE OF ACTION**

**Failure to do Public Record's Requests**

**(By Plaintiff Against County of San Bernardino Public Works Waste Management Division)**

39. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 38, inclusive.

40. Defendants failed to fulfill public records requests from Plaintiff for what regulations Defendants have & who made the regulations; for Defendants to not follow the laws.

41. California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency & every person has a right to inspect any public record, except as hereafter provided."

42. Public Records Act or Freedom of Information Act Requests; which is a national law (5 U.S.C. § 552) that requires federal agencies to make information available to the public. FOIA is now used as a colloquialism in the United States as any type of request for information from any government agency. The First Amendment gives rights of access, motions to unseal records, etc. State level, in California the law is Cal. Gov. Code § 6250 et seq., & is different from state to state. Local ordinances, Admin. Code § 67 (Sunshine Ordinance). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society,

PAGE 17

needed to check against corruption & to hold the governors accountable to the governed."

**WHEREFORE,** Plaintiff's pray judgment against Defendants as follows:

1. For compensatory damages of **$250,000**;

2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter & make an example of the Defendants;

3. For interest on those claims where it is available under law;

4. For cost of suit; &

5. For such other & further relief as this Court may deem to be just & proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By Plaintiff: _Jeff Macy_____

Jeff Macy

Date: _6 - 18 - 24_____

PAGE 19